# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KLAUS SASSMANNSHAUSEN,** | : | |
| Petitioner | : | |
| | : | **CIVIL ACTION NO. 3:17-1244** |
| v. | : | |
| | : | **(Mannion, D.J.)** |
| **CLAIR DOLL,** *et al.*, | : | **(Carslon, M.J.)** |
| Respondents | : | |

## ORDER

On July 17, 2017, petitioner Klaus Sassmannshausen, a native of Germany, filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner, who was a lawful permanent resident of the United States for 60 years, is charged as being removable pursuant to 8 U.S.C. §1227(a)(2)(B)(i) due to his convictions for an offense relating to the illicit trafficking in a controlled substance and for conspiracy to commit any law involving a controlled substance. On June 14, 2016, the petitioner was detained by ICE under 8 U.S.C. §1226(c) and removal proceedings were initiated against him. He was placed in custody at the York County Prison in Pennsylvania and he has been continuously detained by ICE at this prison under §1226(c).

On May 5, 2017, an immigration judge ordered that the petitioner be removed from the United States and denied his application for deferral of removal under the Convention Against Torture. On May 31, 2017, the petitioner filed an appeal to the Board of Immigration Appeals and his appeal

is currently pending. The petitioner has remained detained while his appeal is pending without an individualized bond hearing.

In his instant petition, the petitioner claims that he has suffered an unreasonably prolonged detention of about 14 months during the pendency of his removal proceedings and, that he has not been afforded an individualized bond hearing in violation of the due process protections required by the United States Constitution. The petitioner requests that a constitutionally adequate bond hearing be conducted by this court, or in the alternative, by an Immigration Judge. (Doc. 1 at 19).

Presently pending before the court is the August 10, 2017 report and recommendation of Judge Carlson, (Doc. 5), recommending that an Immigration Judge be directed to conduct an individualized bond hearing for the petitioner within 21 days and, therein, granting in part the petitioner's habeas petition. In their response to the habeas petition, (Doc. 4, p. 8), the respondents state that "if this Court determines that [an individualized] bond hearing is warranted under the facts and circumstances of this case, respondent will coordinate with the immigration court to schedule a bond hearing before an immigration judge as expeditiously as possible."

Based on the current case law, Judge Carlson finds that the petitioner is entitled to an individualized bond hearing before an Immigration Judge at this time. No objections to Judge Carlson's report have been filed and the time within which to file them has lapsed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Carlson's report as well as the applicable law and concurs with his recommendation. The clear guidance of *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Security*, 656 F.3d 222 (3d Cir. 2011), indicate that the petitioner is entitled to a bond hearing to justify his continued detention during removal proceedings. His continued detention will be justified only if it is determined, on an individualized basis, that it is necessary to achieving the goals of the immigration statute, particularly, "ensuring participation in the removal process[] and protecting the community from the danger he . . . poses." *Chavez-Alvarez*, 783 F.3d at 475. It is the government's burden to show that the petitioner's continued detention is necessary to fulfill the above-referenced purposes of the detention statute. *Diop*, 659 F.3d at 233.

Thus, the court will **ADOPT** Judge Carlson's report, (Doc.5), and will **GRANT IN PART** Sassmannshausen's habeas petition, (Doc. 1), and order that an Immigration Judge conduct an individualized bond hearing within 21 days from the date of this order.

**IT IS HEREBY ORDERED, THAT**:

(1) The report and recommendation of Judge Carlson, (Doc. 5), is **ADOPTED**;

(2) Petitioner Sassmannshausen's habeas petition, (Doc. 1), is **GRANTED IN PART** to the extent that it seeks an individualized bond hearing;

(3) An individualized bond hearing shall be conducted by an Immigration Judge **within twenty one (21) days** of the date of this Order;

(4) At the bond hearing, the government shall bear the burden of demonstrating that Sassmannshausen's continued detention is still necessary to fulfill the purposes of ensuring that he attends removal proceedings and that his release will not pose a danger to the community under Diop v. ICE/Homeland Sec., 656 F.3d 221, 231-33 (3d Cir. 2011);

(5) The clerk of court is directed to close this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 28, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-1244-01.wpd

4